IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 05 CR 798-2 |
| v. | ) | |
| | ) | Magistrate Judge Maria Valdez |
| THOMAS RADICK, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the request of the government to detain the defendant, Thomas Radick, pending his trial on charges of willfully engaging in the business of dealing at least 49 firearms without a license in violation of 18 U.S.C. § 922(a)(1), traveling in interstate commerce to acquire firearms in furtherance of dealing such firearms without a license in violation of 18 U.S.C. § 924(m), and unlawful possession of firearms by a felon in violation of 18 U.S.C. § 922(g)(1).

This Court heard argument from the Government and from counsel for defendant as to whether Mr. Radick is a flight risk or a danger to the community. Mr. Radick is currently charged with being a felon in possession of a firearm and dealing in firearms without a license. The Court may order Radick's detention on the grounds of danger to the community in cases alleging "crimes of violence." 18 U.S.C. § 3142 (f)(1)(A). For purposes of bail, a "crime of violence" is defined as a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156 (a)(4)(B); *United States v. Lane*, 262 F.3d 905, 906 (7th Cir. 2001). The Seventh Circuit has held that being a felon in possession of a firearm is not a "crime of violence". *Lane*, 262 F.3d at 907; *see also United States v. Singleton*, 182 F.3d 7, 27 (1999); *United States v. Bowers*, 432 F.3d 518, 521 (2005); *United States v. Johnson*, 399 F.3d 1297,

1300 (11th Cir. 2005). In *Lane*, the court found that "[m]ost felonies after all are not violent . . . and ex-felons have the same motives as lawful possessors of firearms to possess a firearm--self-defense, hunting, gun collecting, and target practice." *Lane*, 262 F.3d at 906. While a felon in possession of a firearm may be more dangerous than a non-felon in possession, the actual offense of felon in possession is not *per se* violent. *Id.*

This Court can detain Mr. Radick if one of six conditions set forth in 18 U.S.C. § 3142 (f)(1)(A) - (B) exist. Even if the offense is not considered a "crime of violence" the government is entitled to move to detain if a defendant charged under § 922(g)(1) has two prior predicate felony convictions or is likely to flee or obstruct. § 18 U.S.C. § 3142 (f)(1)(D), (f)(2)(A) & (f)(2)(B). It does not appear that the government is asserting that Mr. Radick be detained under any of the above circumstances.

Instead, the government seeks to detain the defendant on the grounds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985)("a finding of danger to the community or risk of flight will be sufficient to detain the defendant pending trial"). Defendant Radick argues that detention under the factors set forth in 18 U.S.C. § 3142(g) is not warranted.

Although the nature of the offense charged against Mr. Radick, in itself, may not give rise to the government's motion for detention, the Court must nonetheless address the issue of whether Mr. Radick should be released by examining the factors as they apply to Mr. Radick's circumstances. Section 3142 (g) of the Act requires that the court consider four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Section 3141(f) of the Act "carefully limits the circumstances under which detention may be sought to

2

the most serious of crimes." *United States v. Salerno,* 481 U.S. 739, 747 (1987). Stated another way, pretrial detention is "an exceptional step." *United States v. Torres,* 929 F.2d 291, 292 (7th Cir. 1991) (citing *Salerno,* 481 U.S. at 749). Thus, under the Act, pretrial release is mandated unless this Court finds that, regardless of any combination of conditions, "such release will not reasonably assure the appearance of the [defendant] as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b); *see also* § 3142(e).

Under the Act a defendant may be denied bail if, after a hearing, the government demonstrates by clear and convincing evidence, 18 U.S.C. § 3142(f)(2)(B), that "no condition or combination of [release] conditions will reasonably assure . . . the safety of the community," 18 U.S.C. § 3142(e). *See Portes,* 786 F.2d at 765. The government must show by a preponderance of the evidence that the defendant is a risk of flight and that no conditions or combinations of conditions will reasonably assure the defendant's presence. *Id.* at 765; (citing *United States v. Chimurenga,* 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Orta,* 760 F.2d 887, 891 n. 20 (8th Cir. 1985)).

In making the determinations as to whether the defendant is a danger to the community and/or a flight risk, the Court must take into account the available information concerning the following major factors, which are specifically set forth in Section 3142(g) of the Act:[1]

*§ 3142(g)(3)–Radick's History and Characteristics*

Section 3142(g)(3) instructs the Court to consider the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the

---

[1] Pretrial Services has recommended that the defendant be detained as a danger to the community.

community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense.

Mr. Radick is a citizen of the United States and a native of Chicago, Illinois. He is married and has been in a relationship with his wife since 1991. He has a 18-month old son that is a U.S. citizen. Mr. Radick does not have a passport and has never traveled outside of the United States. Mr. Radick has owned his own company, a small demolition and trucking business, Tom's Hauling since 1996. Prior to his incarceration, Mr. Radick was also employed by four additional companies. He was employed as a truck driver for Citywide Disposal from 2000 to 2005. He was a truck driver and performed demolition work for Concrete Unlimited from 1997 to 2005. He worked at PS Graphics, a printing company, from 1990 to 2005. He was also a truck driver and delivered films to movie theaters for Consolidated Trucking once per week from November 2004 to 2005. Additionally, Mr. Radick stated that he occasionally worked at his brother's company, All City Wide Heating and Air Conditioning, from 1990 to 2005. Mr. Radick does not own any property. His wife, Ms. Radick, has stated that she is not aware of any money or property available for assistance with a bond.

The defendant, on September 29, 2005, tested negative for all drugs. Although Radick has an apparently stable home environment, he has a checkered criminal past. The defendant has a murder conviction from 1977, an assault from 1991, a charge for possession of cannabis from 1993, two counts of unlawful use of a firearm by a felon in 1994 while on parole, and a charge of solicitation of prostitution in 1999.

*§ 3142(g)(4)--Danger to Community and Risk of Flight*

The charge, at this stage, is an accusation. 18 U.S.C. § 3142(j). The weight of the evidence against him is the "least important of the various factors." *U.S. v. Hammond*, 205 F. Supp.2d 1157, 1165 (E.D. Wis. 2002) (citing *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal.1992) (quoting *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985)). Radick is being charged with dealing in at least 49 weapons and being a felon in possession of a firearm. Technically, under the *Lane* decision defendant Radick was not charged with a "crime of violence." However, this Court does have concerns surrounding the nature of the charges pending. This is not a case of an allegation involving a felon possessing a hunting rifle (presumably for sport) or of Mr. Radick having been accused of possessing or dealing with one weapon. The allegations concern at least 49 weapons. And, Radick has been previously found to be in violation of his parole for a murder conviction that occurred many years ago, again for possession of a weapon (albeit, as defense counsel asserts, the possession was in defense of others).

In addition to concerns of dangerousness, the government asserts that Radick poses the danger of nonappearance. The ultimate standard for the Court in a case like this remains one of "reasonable assurance" that the defendant will appear for trial and will not endanger the community. The government must show by a preponderance of the evidence that the defendant is a risk of flight and that no conditions or combinations of conditions will reasonably assure the defendant's presence. *Id.* at 765 (citing *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 n. 20 (8th Cir. 1985)).

Although this Court does not have concerns that the defendant is a flight risk, this Court does believe that based on the nature of the offense alleged, the prior convictions for violent offenses, the new arrests while on parole and the nature of the offensive conduct committed while on parole, taken as a whole, demonstrate that the defendant is a danger to the community by "clear and convincing evidence" and that no combination of conditions exist to ensure the safety of the community.

The government's motion to detain Mr. Radick is hereby GRANTED.

SO ORDERED.

Dated: **FEB 17 2008**

ENTERED:

HON. MARIA VALDEZ
United States Magistrate Judge.